ANDERSON SMITH et als. v. HARDY HILL.

(Filed 26 April, 1916.)

**Slaves—Descent and Distribution—Marriage—Evidence—Tax Deeds—Deeds and Conveyances—Evidence—Nonsuit—Trials.**

In an action to recover land by one claiming by descent from a deceased male slave it is at least necessary for the plaintiff to show that his ancestors lived together and were recognized as man and wife after their emancipation, where the fact of marriage has not been shown; and it being admitted in this case that the defendant had purchased the lands at a tax sale, obtained a deed correct in form, describing the lands, and stating that defendant had complied with all the requirements of the statute, and the evidence tending to show that the plaintiff's male ancestor had only visited his female ancestor, the judgment of nonsuit is sustained.

APPEAL from *Connor, J.,* at November Term, 1915, of LENOIR.

At the conclusion of the evidence the motion to nonsuit was sustained. Plaintiffs excepted and appealed.

*Shaw & Powers for plaintiffs.*
*Rouse & Land for defendants.*

PER CURIAM. The plaintiffs claim title under Jordan Smith, who it is admitted was the owner and in possession of the land in controversy at the time of his death. Jordan Smith was a slave living in Greene County, and it is claimed that the plaintiffs are the descendants of Jordan Smith and Everie Rountree, also a slave living in Lenoir County. There is no evidence tending to prove that marriage ceremony was ever performed, and nothing in the evidence tending to show that the plaintiffs were capable of inheriting from Jordan Smith. There is evidence that he visited Everie Rountree, but no evidence that she lived with him and was recognized as his wife after they were emancipated.

In addition to the failure to show inheritable blood upon the part of the plaintiffs, it is admitted that the land in controversy was sold for taxes by the city of Kinston on 1 May, 1905; that certificate of sale was given to the purchaser, which certificate was transferred to the defendant Hardy Hill, and, the land not being redeemed within the time

49—171

allowed by law, in pursuance of the sale for taxes, the city tax collector, Mewborn on 9 May, 1906, executed a deed in fee to Hardy Hill, the record stating that the said Hardy Hill complied with all the requirements of the statute.

It is further admitted that the said tax deed is in all respects regular and in due form and that it correctly describes the land in controversy by metes and bounds.

Upon these admissions of fact set out in the record, as well as on account of the lack of evidence tending to prove a descent, we are unable to find any error in the ruling of the court sustaining the motion to nonsuit.

Affirmed.